IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| JAMES INGLES, ) | |
| ) | Bankruptcy No. 17-00018 |
| Debtor. ) | |

**RULING ON MOTION FOR RELIEF FROM STAY**

This matter came before the Court for hearing on May 31, 2017 in Dubuque, Iowa. Stuart Hoover appeared for Debtor James Ingles ("Debtor"). Lance Lange appeared for U.S. Bank National Association ("U.S. Bank"). The parties offered evidence and argument. The Court took the matter under advisement. The parties filed briefs. This is a core proceeding under 28 U.S.C. § 157(b)(2).

**STATEMENT OF THE CASE**

Debtor executed a mortgage on his home to secure a debt with U.S. Bank. That mortgage has an error in the legal description. The word "feet" is omitted: instead of saying "West 60 feet of Lot 8" it says "West 60 of Lot 8." U.S. Bank asks the Court to lift the stay so that it can reform and foreclose on the mortgage in state court. Debtor resists. Debtor argues that this error makes the mortgage invalid and U.S. Bank unsecured. Debtor argues that his bankruptcy discharged the debt and that there is now no debt for a potential mortgage to secure. U.S Bank argues that the mortgage remains valid and asks the Court to reform the mortgage.

## FINDINGS OF FACT AND PARTIES' ARGUMENTS

The parties do not dispute the facts in this case. Debtor owns a home at 112 W. Apple Street, Maquoketa Iowa ("the property"). In 2004, Debtor executed a $59,000 note allegedly secured by a mortgage on the property with U.S. Bank. U.S. Bank prepared the documents and presented them to Debtor for his signature. Both U.S. Bank and Debtor intended that U.S. Bank would loan the money and have a mortgage on Debtor's home to secure that loan. Debtor signed the documents and performed under the mortgage for about 10 years.

As it turns out, the mortgage document omitted a word in the legal description of the property. The mortgage document contains the following legal description of the property: "The South 20 feet of the West 60 feet of Lot 7 and the West 60 of Lot 8 in Block 28 in the City of Maquoketa, Jackson County, Iowa, according to the Original Plat of the Town of Maquoketa, Iowa." The property is correctly described as: "The South 20 feet of the West 60 feet of Lot 7 and the West 60 **feet** of Lot 8 in Block 28 in the City of Maquoketa, Jackson County, Iowa, according to the Original Plat of the Town of Maquoketa, Iowa." (Emphasis added). Thus, the mortgage erroneously omits the word "feet"—instead of saying "West 60 feet of Lot 8" it says "West 60 of Lot 8."

In December 2015, U.S. Bank filed a foreclosure petition in Jackson County, Iowa and asked the Iowa District Court to reform the mortgage and correct the

2

legal description. Debtor resisted, arguing that the mortgage was invalid because of the incorrect legal description. U.S. Bank moved for summary judgment. The Iowa District Court denied summary judgment because the unit of measurement "could be 60 feet, 60 rods, or 60 yards." Debtor filed bankruptcy in January 2017, staying the foreclosure. Debtor received a discharge on April 19, 2017.

Debtor's total debt to U.S. Bank as of January 10, 2017 was $66,694.55. Debtor scheduled the value of the property at $55,000. U.S. Bank seeks relief from the automatic stay to continue foreclosure and mortgage reformation proceeding in Iowa District Court. Debtor resists. Debtor argues that U.S. Bank is actually an unsecured creditor. Debtor argues that U.S. Bank's mortgage is invalid because the word "feet" is omitted in the legal description of the property.

U.S. Bank argues that this one-word omission does not invalidate the mortgage. U.S. Bank argues that the Court should grant relief from the automatic stay so that the Iowa District Court can determine whether to reform the mortgage. U.S. Bank argues alternatively that this Court can, and should, reform the mortgage to correct the error. Finally, U.S. Bank argues that a loan modification agreement that Debtor entered into with U.S. Bank, which has the correct legal description, effectively reformed the mortgage already.

Debtor argues that this error is significant because it omits the unit of measurement—a fundamental part of a legal description. Debtor concludes that

the error invalidates the mortgage. As a result, Debtor argues, U.S. Bank was an unsecured creditor when Debtor filed bankruptcy. Debtor notes that U.S. Bank did not object to its listing as an unsecured creditor in his bankruptcy. Debtor further argues that the Court cannot reform the mortgage because the bankruptcy discharged the underlying debt and so there is no longer any debt to secure. Finally, Debtor argues that the loan modification agreement by its terms modified the note, not the mortgage, and so had no effect on the mortgage's validity.

In short, the parties agree that the mortgage document contained an error, but disagree about whether that error invalidates the mortgage and makes U.S. Bank unsecured.

## CONCLUSIONS OF LAW AND ANALYSIS

Although the case is postured as a Motion for Relief from Stay, this dispute is really about whether the error in U.S. Bank's mortgage document invalidates the mortgage so that U.S. Bank is an unsecured creditor that had its claim discharged. For the following reasons, the Court concludes that, as a matter of law, the error does not invalidate the mortgage and U.S. Bank is a secured creditor. Further, because the mortgage is valid and the undisputed evidence shows that the proper unit of measurement is "feet" the Court will reform the mortgage.

4

I.   **Validity of the Mortgage**

The Iowa Supreme Court has said, "An erroneous description will not render a mortgage unenforceable." First Cent. Bank v. White, 400 N.W.2d 534, 537 (Iowa 1987).  More precisely,

> **[t]he validity of a mortgage may be attacked, in foreclosure proceedings**, for illegality, fraud, duress, or other such matters which undermine its very foundation, **but not** because of a mere want of authority to execute the mortgage, or to receive it, as the case may be, not affecting the validity of the debt intended to be secured, or **for indefiniteness or mistake in the description of the property intended to be pledged.**

Id. (quoting 59 C.J.S. Mortgages § 506(c) (1949)) (internal quotation marks omitted) (alteration in original).  A mortgage with a minor error will still be valid as long as purchasers can determine the subject property with reasonable certainty. See Lindquist v. Household Indus. Fin. Co. (In re Vondall), 364 B.R. 668, 671 (B.A.P. 8th Cir. 2007); Albia State Bank v. Smith, 119 N.W. 608, 610 (Iowa 1909) (upholding the validity of a mortgage when the owners could reasonably ascertain the property intended).

An incorrect legal description is nevertheless legally sufficient to constitute constructive notice when the defects are minor because the property is "sufficiently described so that a third party would be put on notice to make further inquiry." Hanrahan v. Univ. of Iowa. Cmty. Credit Union (In re Thomas), 387 B.R. 4, 10 (Bankr. N.D. Iowa 2008). "Iowa has long recognized that inaccurate legal

5

descriptions can suffice to constitute constructive notice." Id. In order to be sufficient, a description must "enable the court to determine with certainty, with the aid of such extrinsic evidence as is admissible under the rules of evidence, what property was intended by the parties to be covered thereby." Id. (quoting Mid-State Homes, Inc. v. Knapp, 156 So.2d 122, 125 (La. App. 1963)).

Here, there is no dispute that the mortgage has an error in the legal description. There is also no dispute about what the correct legal description of the property should be. Debtor agrees that the proper unit of measurement is "feet" and that the legal description should say "West 60 feet of Lot 8" instead of "West 60 of Lot 8." Debtor nevertheless argues that this omission is significant and invalidates the mortgage because, depending on the unit of measurement, the property could be tiny or enormous. Debtor argues that the error is so significant as to invalidate the mortgage.

The Court disagrees. Iowa law is clear that an error in a legal description will not render a mortgage unenforceable: "[t]he validity of a mortgage may be attacked, in foreclosure proceedings . . . but not . . . for indefiniteness or mistake in the description of the property intended to be pledged." White, 400 N.W.2d at 537. This statement of the law is dispositive here. This is especially so for two reasons. First, Debtor agrees the description should say feet and offered no alterative unit of measurement. Second, with the aid of extrinsic evidence it is

6

clear what the error is and what the correct legal description should be. Even the mortgage's effectiveness as to a third party is not plausibly in question. At a minimum, the property here is "sufficiently described so that a third party would be put on notice to make further inquiry." In re Thomas, 387 B.R. at 10. Iowa law is clear that an error in the legal description of the property is not a basis to attack a mortgage in foreclosure proceedings. The Court applies that law here and finds that the mortgage is valid between Debtor and U.S. Bank.

Debtor has also argued that the Iowa District Court in its ruling on summary judgment found that the mortgage was invalid. In particular, Debtor seizes on the Iowa District Court's statement that "'West 60 of Lot 8' does not adequately legally describe the property." Debtor concludes that the Iowa District Court found, as a matter of law, that the mortgage is invalid. That is an incorrect reading of the order. The Iowa District Court simply found a genuine issue of material fact about the proper unit of measurement that precluded it from granting summary judgment. The quoted language is not a finding that the mortgage as a whole is invalid—it is a statement of the undisputed fact that the legal description is inadequate. After hearing the evidence in a trial on this matter, this Court concludes that the inadequacy or erroneousness of the legal description does not invalidate the mortgage.

Debtor also argues that U.S. Bank is precluded from arguing that it is a secured creditor because it failed to object to its listing as an unsecured creditor on his bankruptcy schedules. The Court disagrees. There is no opportunity in a no-asset Chapter 7 case, such as this case, to object to the schedules or file a proof of claim. In fact, the Notice of Chapter 7 Bankruptcy Case specifically told creditors, "Please do not file a proof of claim unless you receive notice to do so." Another Bankruptcy Court addressed exactly this question:

> Does the listing of the secured claim as being unsecured in the debtor's schedules require a response by the secured creditor? No, the secured creditor need only respond to a formal challenge to the security interest (e.g., an adversary proceeding brought pursuant to the trustee's avoiding powers, an adversary proceeding initiated by the debtor under 11 U.S.C. § 522(f), or a formal objection to the secured claim under 11 U.S.C. § 506(d)).

Pierce v. Woodard (Matter of Pierce), 29 B.R. 612, 614 (Bankr. E.D.N.C. 1983). U.S. Bank holds a claim secured by the property, regardless of how Debtor scheduled its claim.

Because the Court finds that the mortgage is and always has been valid, U.S. Bank continues to have a valid lien on the property. As a result, the Court need not reach Debtor's argument that his bankruptcy discharge now precludes U.S. Bank from reforming the mortgage because a lien cannot secure a debt that no longer exists. The Court finds that U.S. Bank's lien has continued from the time the parties executed the mortgage to the present.

Case 17-00018    Doc 31    Filed 08/04/17    Entered 08/04/17 11:59:26    Desc Main
              Document      Page 9 of 11

Nevertheless, to the extent that Debtor now argues that his bankruptcy discharge precludes U.S. Bank from pursuing the mortgaged property, the Court disagrees. Debtor's bankruptcy discharge does not change the validity of the mortgage lien. Schwanz v. Farmers' Co-op. Co. of Lorimor, 214 N.W. 491, 493 (1927) ("We have already pointed out that the lien of the mortgage was not affected by the mortgagor's discharge in bankruptcy."); Moad v. Neill, 451 N.W.2d 4, 8 (Iowa Ct. App. 1989) ("[T]he discharge in bankruptcy does not affect or prevent enforcement of valid liens existing prior to discharge."). The Court finds that the mortgage is valid and that U.S. Bank has a lien on the property.

## II.    Reforming the Mortgage

U.S. Bank asks the Court to lift the automatic stay so that it can continue with mortgage reformation proceedings in Iowa District Court, or, in the alternative, asks this Court to reform the mortgage. The Court heard the relevant evidence on reformation and finds that it can, and will, reform the mortgage.

"As a court of equity, a bankruptcy court has the power to reform deeds to conform with the intent of the parties and in doing so must look to state law." (In re Thompson), 499 B.R. 908, 913 (Bankr. S.D. Ga. 2013). Under Iowa law, the party seeking reformation:

> has the burden of proving by clear, satisfactory, and convincing evidence that the contract does not reflect the true intent of the parties, either because of fraud or duress, mutual mistake of fact, mistake of

9

> law, or mistake of one part and fraud or inequitable conduct on the part of the other.

First Am. Bank v. Fobian Farms, Inc., 2015 WL 3613379, at *6 (Iowa Ct. App. June 10, 2015) (quoting Wellman Sav. Bank v. Adams, 454 N.W.2d 852, 855 (Iowa 1999)) (internal quotation marks omitted). "In reforming an instrument a court does not change an agreement between the parties but changes a drafted instrument to conform to the parties' real agreement." Hosteng Concrete & Gravel, Inc. v. Tullar, 524 N.W.2d 445, 448 (Iowa Ct. App. 1994) (citing Adams, 454 N.W.2d at 855). "The remedy of reformation of an instrument lies within the sound discretion of the equity court and depends on whether the remedy is essential to the ends of justice." Id. (citing Adams, 454 N.W.2d at 855).

Here, the Court heard evidence about the proper unit of measurement and the undisputed evidence clearly and convincingly showed mutual mistake in the mortgage document. Debtor argues that there is not mutual mistake in this case. Debtor argues that it was U.S. Bank's mistake, not his, because U.S. Bank drew up the mortgage document and presented it to him for signature. The Court disagrees.

Debtor testified that he did not read the legal description or know it was incorrect, that he would not have signed if he knew that the legal description was incorrect, and that he specifically intended to create a mortgage on the home. The fact that he did not detect the error, would have corrected it if he did, and intended to create a mortgage, shows that the Court should reform the mortgage. There was

never a dispute about the proper unit of measurement—or any evidence that the proper unit was something other than "feet"—for the legal description of the property. The Court finds that the evidence supports, and justice requires, reforming the mortgage in this case.

## CONCLUSION

**WHEREFORE**, U.S. Bank's Motion for Relief from the Automatic Stay is GRANTED.

**FURTHER**, U.S. Bank will submit a proposed mortgage reformation order within 14 days of this order.

Dated and Entered:
August 4, 2017

THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE